UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LEONARD L. ROSS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 1:10-cv-57 |
| | ) | *Edgar* |
| | ) | |
| GARY GERBITZ, WILLIAM COX III, | ) | |
| Each Sued in His Individual Capacity; | ) | |
| ATTORNEY LARRY G. RODDY, | ) | |
| JUDGE RUSSELL HINSON, Each sued in | ) | |
| his individual and official capacity; | ) | |
| HAMILTON COUNTY, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

Plaintiff Leonard L. Ross ("Ross") has filed a *pro se* prisoners civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is somewhat difficult to decipher as exact constitutional claims are not clearly identified. The Court discerns Plaintiff is claiming each individual defendant engaged in malicious prosecution of him. Plaintiff argues he was maliciously prosecuted as a principal, rather than on the basis of criminal responsibility of another on the especially aggravated robbery and attempted first degree murder charges and prosecuted on especially aggravated burglary rather than burglary, even though his co-defendant notified the defendants just prior to trial, and in fact testified during trial, that she hit the victim two or three times in the head with a hammer while Plaintiff simply unplugged and stole her television set.[1] In

---

[1] Initially the Court observes that the complaint does not raise a § 1983 claim because the criminal responsibility statute does not create an independent or separate crime, but rather simply abolishes the distinction between principal and accessory. Under Tennessee law, an aider and abettor has the same liability as a principal. *See generally State v. Hopper*, 695

1

addition, Plaintiff makes a disjointed claim against Hamilton County, asserting it adopted an alleged unconstitutional policy of permitting the District Attorney General to bring charges before a grand jury without a defendant advocate or liaison being present to insure charges do not violate a defendant's constitutional rights. In addition, he argues the county is liable on the theory of *respondeat superior*.

Plaintiff seeks to recover monetary relief, in addition to punitive damages in the amount of $350,000.00 from each defendant.

For the reasons set forth herein, no service shall issue, and all malicious prosecution and related claims in this complaint that would imply the invalidity of Plaintiff's present state court convictions and sentences if he was awarded relief will be **DISMISSED WITHOUT PREJUDICE** as frivolous because they are presently barred by the favorable termination rule mandated by *Heck v. Humphrey*, 512 U.S. 477 (1994) (To pursue a malicious prosecution claim, it must be proven that the criminal proceeding terminated in the favor of the accused). *See Hall v. Woodall*, 181 F.3d 101 (6th Cir., May 3, 1999) (finding claims barred by the *Heck* doctrine are frivolous) (Court File No. 2). To the extent Plaintiff makes any claims not barred by the *Heck* doctrine those claims will be

---

S.W.2d 530, 535 (Tenn.Crim.App. 1985) (Proof showed defendant was guilty as aider and abettor to robbery and equally culpable in a killing, thus first-degree murder charge in perpetration of a robbery was affirmed). The criminal responsibility statute codified the common law theory, which "provided equal criminal liability for principals, accessories before the fact, and aiders and abettors." *State v. Sherman*, 266 S.W.3d 395, 408 (Tenn. 2008) (internal quotation marks and citations omitted). Moreover, the criminal responsibility statute (Tenn. Code Ann. § 39-11-402) "does not prescribe a separate and distinct crime; rather it works in synergy with the charged offense to establish a defendant's guilt through the actions of another . . . *A separate indictment for criminal responsibility is unnecessary when a defendant has been indicted for the primary offense*." *Id*. (internal citations omitted) (emphasis added).

dismissed because they are time-barred.[2] In addition, because Plaintiff's complaint will be dismissed, appointment of counsel is not warranted. Accordingly, Plaintiff's motion to appoint counsel will be **DENIED** (Court File No. 3).

## I. *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee in the amount of $350.00. However, Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is a prisoner at Northeastern Correctional Complex ("NECC"), his *in forma pauperis* application will be **GRANTED** to the extent that he does not have to pay the total fee at this time, but rather, he will be **ASSESSED** and **SHALL** pay the civil filing fee of three-hundred and fifty dollars ($350.00) under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915 (Court File No. 1).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

  (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; <u>or</u>

---

[2] In addition, Plaintiff has failed to state a claim upon which relief may be granted and seeks to recover monetary relief from defendants who have immunity from suit—Judge Hinson has Eleventh Amendment immunity and absolute judicial immunity from suit, while Defendants Gerbitz and Cox have Eleventh Amendment immunity and absolute prosecutorial immunity from suit. Moreover, Judge Hinson is not a proper party as he is deceased. In addition, Plaintiff has identified a defendant—his court-appointed defense attorney—who is not sueable under 42 U.S.C. § 1983 since he is not a state actor. And finally, Plaintiff has failed to state a claim against Hamilton County.

> (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Records at NECC, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's inmate file and follow Plaintiff inmate if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[3]

Plaintiff will also be **ORDERED** to notify this Court of his change of address if he is

---

[3] **Send remittances to the following address:**

> Clerk, U.S. District Court
> 900 Georgia Avenue, Room 309
> Chattanooga, TN 37402

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against Plaintiff without any additional notice or hearing by the Court.

## II. *Standard of Review*

### A. *Pro Se* Pleadings

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" will not do. *Id.* at 555. Nevertheless, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Pro se* status, however, does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief

may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A

The Court screens the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. Title 28 U.S.C. §§ 1915(e)(2) and 1915A require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). Claims that are barred by the *Heck* doctrine or the applicable statute of limitations are frivolous. *Hall v. Woodall,* 181 F.3d 101 (6th Cir. May 3, 1999), *available* at 1999 WL 313886, at *2 (Claims challenging conviction or imprisonment are frivolous if barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994)), *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (Claims barred by the statute of limitations are frivolous); 28 U.S.C. §§ 1915A and 1915(e).

## III. *Facts*

For purposes of this review the Court accepts all factual allegations in the complaint as true. On or about March 17, 1993, former District Attorney Gerbitz brought criminal charges before a grand jury, who returned indictments against Plaintiff for especially aggravated robbery, especially

6

aggravated burglary, and attempted first degree murder. On October 5, 1993, Plaintiff's co-defendant took complete responsibility for the acts of violence a few minutes prior to Plaintiff's trial. The trial proceeded against Plaintiff and he was convicted of attempted second degree murder, especially aggravated robbery, and burglary.

Plaintiff was sentenced as a standard offender to the department of correction to consecutive terms of twenty-two years on the especially aggravated robbery, ten years on attempted second-degree murder, and 3 years on burglary. The Court of Criminal Appeals subsequently affirmed the judgments, the Supreme Court remanded the sentences for reconsideration, and, on remand the Court of Criminal Appeals again affirmed the sentences. Plaintiff then filed for post-conviction relief which was denied. *Ross v. State*, 1999 WL 357339 (Tenn.Crim.App. June 4, 1999), *perm. app. denied* (Tenn. Nov. 22, 1999). Plaintiff filed the current § 1983 complaint on March 15, 2010.

IV.  *Analysis*

    A.  *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).

    B.  *Malicious Prosecution*

Plaintiff alleges that in 1993 Mr. Gary Gerbitz ("Mr. Gerbitz"), the Hamilton County District

Attorney at that time, and Assistant District Attorney William Cox, III ("Mr. Cox")[4] subjected him to malicious prosecution when they proceeded to try him on the indicted charges of especially aggravated robbery, especially aggravated burglary, and attempted first degree murder, as a principal, rather than obtaining indictments new indictments after learning his co-defendant was the one who actually hit the victim in the head with the hammer two or three times while Plaintiff was disconnecting the victim's television set. Plaintiff contends Mr. Gerbitz and Mr. Cox should have re-indicted him for the criminal responsibility of his co-defendant, rather than as a principal, on the especially aggravated and attempted first degree murder charges and dismissed the especially aggravated burglary charge and re-indict him for simple burglary. In addition, Plaintiff claims Judge Russell Hinson, who is now deceased,[5] engaged in judicial misconduct and malicious prosecution when he failed to require the prosecutors to re-indict him, and that appointed defense counsel, Mr. Larry Roddy ("Mr. Roddy"), facilitated the malicious vindictive prosecution of him when he failed to request that the state be required to re-indict Plaintiff.[6]

In his claim against Hamilton County, Plaintiff makes a disjointed argument presumably claiming he was maliciously prosecuted because Hamilton County adopted a policy permitting the

---

[4] Mr. Cox is the current Hamilton County District Attorney.

[5] Because the complaint will be dismissed the Court declines to address the fact that the deceased judge is not a proper party.

[6] Although Plaintiff was indicted for especially aggravated burglary, contrary to his claim that he was convicted on that charge and the judge subsequently changed the conviction to burglary, the record reflects he was convicted on the lesser included charge of burglary as each appellate court opinion specifically states a jury convicted Plaintiff of burglary. *See State v. Ross*, 1995 WL 357821 (Tenn.Crim.App. June 15, 1995); *State v. Plaintiff*, 1996 WL 167723 (Tenn. Nov. 27, 1995); and *Ross v. State*, 1999 WL 357339 (Tenn.Crim.App. June 4, 1999). Nevertheless, even if the judge made the change, relief on that claim would imply the invalidity of that conviction, thus the claim is barred by the *Heck* favorable termination rule.

District Attorney General to bring charges before a grand jury without a defendant advocate or liaison being present to insure charges do not violate a defendant's constitutional rights. Plaintiff further argues the county is liable on the theory of *respondeat superior*.

Initially the Court observes that although Plaintiff has framed his complaint against Defendants as a § 1983 action, the essence of his claim is an attack on the validity of his convictions. The proper method for challenging a state conviction is a petition for a writ of habeas corpus, with its accompanying exhaustion requirement. Nevertheless, although it appears Plaintiff pursued state post-conviction relief alleging ineffective assistance of counsel, it appears he was denied relief by all levels of the state courts, ending with the Tennessee Supreme Court's denial of permission to appeal the denial of post-conviction relief on November 22, 1999. *Plaintiff v. State*, 1999 WL 357339 (Tenn.Crim.App. June 4, 1999), *perm. app. denied* (Tenn. Nov. 22, 1999). Consequently, Plaintiff is time-barred from filing a federal habeas petition under 28 U.S.C. § 2254. As explained herein, his attempt to by-pass the federal habeas statute of limitation hurdle by attacking his criminal convictions through a 42 U.S.C. § 1983 complaint is unavailing for a number of reasons, including the fact that the claims are either barred by the *Heck* doctrine or are time-barred by the statute of limitations.

The Court now turns to Plaintiff's claims. A malicious prosecution claim accrues when the criminal proceedings terminate in the plaintiff's favor. *Wallace v. Kato*, 549 U.S. 384 (2007); *Heck v. Humphrey*, 512 U.S. 477, 484, 489-490 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused"). In addition, the *Heck* doctrine prohibits consideration of a § 1983 claim that, if successful, would necessarily imply the invalidity of the previous conviction or sentence, unless the

9

conviction has been set aside. Specifically, the Supreme Court explained:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
>
> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1984).

In the instant case, awarding Plaintiff relief on this allegations, all of which relate to his convictions for which he is currently serving a sentence of imprisonment, would necessarily undermine the validity of his current convictions and imprisonment. Consequently, relief is barred by *Heck*.[7]

In addition, Plaintiff's remaining claim that his indictment for especially aggravated burglary violated the double-jeopardy doctrine, and the subsequent change to that charge to simple burglary, regardless of how the change may have transpired, violated his constitutional rights, is likewise barred by *Heck*, as he is actually attacking his present conviction and sentence for burglary. Thus, relief is prohibited absent Plaintiff showing he has been exonerated on that charge.

Likewise, Plaintiff's claims against Hamilton County are dismissed because there must be

---

[7] Although Plaintiff claims Defendants were deliberately indifferent and subjected him to cruel and unusual punishment, these Eighth Amendment claims do not challenge the conditions of his confinement, but instead, challenge the very fact of his alleged unlawful prosecution and imprisonment as a principal rather than on the basis of criminal responsibility for the conduct of his co-defendant. Likewise his claims of prosecutorial misconduct and vindictive prosecution are actually part of his malicious prosecution claim and they, in fact, challenge the very fact of his alleged unlawful conviction and imprisonment and relief on any of these claims is prohibited by the *Heck* doctrine.

unconstitutional conduct by a county employee or official before the county can be liable. *See Russell v. Hennepin County*, 420 F.3d 841, 846 (5th Cir. 2005). Because Plaintiff has failed to demonstrate a viable constitutional violation by any of the named defendants at this time, he has necessarily failed to state a claim against Hamilton County.

In summary, because Plaintiff's claims relate to his prosecution for the convictions for which he is presently serving a state sentence and because any relief would imply the invalidity of those convictions for which he is presently serving a sentence, he does not have a cognizable claim for damages for the malicious prosecution of those crimes until "his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 486-87. Although Plaintiff does not request to be released from prison, he does claim he is actually innocent of the charges for which he stands convicted. Rewarding him relief on his claim that he was maliciously prosecuted on those charges would necessarily undermine the validity of his current imprisonment and convictions, and such a result is barred by *Heck*.

Because a favorable result on the malicious prosecution claim and all related claims would imply the invalidity of Plaintiff's state criminal convictions for which he is currently serving his state prison sentence and thus violate the *Heck* doctrine, the claims of malicious prosecution and all related claims will be **DISMISSED WITHOUT PREJUDICE** because they are not ripe for review and Plaintiff is precluded from pursuing these claims at this time.

### C. *Timeliness*

Although it appears all of Plaintiff's claims stem from the 1993 proceedings for which he
11

is presently serving a jail sentence, the Court will, out of an abundance of caution since Plaintiff's complaint is somewhat difficult to decipher, explain why any § 1983 claims by Plaintiff that are not barred by the *Heck* favorable termination rule must be dismissed on the ground that the civil rights claims are time-barred by the applicable one-year statue of limitations.

Title 42 U.S.C. § 1983 does not contain a statute of limitations. The United States Constitution and the federal statutes enacted by Congress do not expressly provide a statute of limitations for claims arising under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (discussing the application of state law to determine statute of limitations in § 1983 and in such actions involving federal parties). Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of those claims.

Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. The one-year statute of limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under federal civil rights statutes shall be commenced within one year after the cause of action accrued. Federal law determines when claims accrue. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied,* 117 S. Ct. 2439, 138 L. Ed. 2d 199 (1997).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.,* 633 F.2d 722, 725-26 (6th Cir. 1980). In 42 U.S. C. § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks,* 415 F.3d 558, 561 (6th cir. 2005); *Collyer,* 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991).

To determine when Plaintiff's 42 U.S.C. § 1983 claims accrued and the one-year statute of limitations commenced to run, we look to the date when Plaintiff became aware of the claims he now raises. Although Plaintiff has not identified the date on which his trial ended and the jury rendered its verdict, he does reveal that his sentencing hearing occurred on November 5, 1993. Therefore, for the sake of this discussion, the Court will generously use that date as the date the § 1983 claims accrued and the one-year statute of limitations commenced to run. Thus, the one-year statute of limitation expired on or about November 5, 1994.[8]

Plaintiffs have one year from the date a cause of action accrued within which to file federal civil rights claims under 42 U.S.C. § 1983. The Clerk of this District Court received Plaintiff's *pro se* civil complaint by mail on March 17, 2010. The envelope reflects Plaintiff gave the complaint

---

[8] Even assuming the one-year statute of limitation did not begin to run until Plaintiff exhausted his direct appeals and state post-conviction remedies, his complaint would still be time-barred. The Tennessee Supreme Court denied permission to appeal the denial of Plaintiff's state post-conviction petition on November 22, 1999, so using that date, the one year statute of limitation would have expired on or about November 22, 2000, almost ten years before Plaintiff filed this § 1983 civil rights complaint.

to the prison mailroom on March 15, 2010. For purposes of calculating the statute of limitations, the Court will use the prison mailbox rule, which provides that a filing of an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). Thus, Plaintiff's civil complaint is deemed to have been filed March 15, 2010, which consequently, is long after the one-year statute of limitations had expired.

Accordingly, to the extent any of Plaintiff's 42 U.S.C. § 1983 claims against the defendants in their individual and official capacities are based on and arise out of the facts and circumstances not covered by the *Heck* favorable termination rule, such claims will be dismissed with prejudice on the ground that these civil rights claims are time-barred by the applicable statute of limitations.

A claim that is time-barred by the statute of limitations, lacks an arguable or rational basis in law or fact and can be dismissed as frivolous. *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24, 1998) *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred by statute of limitations and did not present a rational basis in law); *Day v. E.I. Du Pont De Nemours and Co.,* 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by the statute of limitations are frivolous).

V.     *Conclusion*

All of Plaintiff's malicious prosecution and related claims that would imply the invalidity

of Plaintiff's state court convictions and sentences for which he is presently incarcerate if he was awarded relief shall be **DISMISSED WITHOUT PREJUDICE** based on the *Heck* favorable termination rule. Any claims that are not subject to the *Heck* favorable termination rule are **DISMISSED WITH PREJUDICE** as time-barred.

Plaintiff' complaint will be **DISMISSED** *sua sponte* for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A.

An appropriate order will enter.


                                 */s/ R. Allan Edgar*
                                  R. ALLAN EDGAR
                       UNITED STATES DISTRICT JUDGE